Geo.Piazza

vs No.8960

Anthony Lala

Charles F.Claiborne,Judge.

March 5th 1923.

*Judge Bell dissents*

Court of Appeal
Parish of Orleans
3/5/23

Geo Piazza,Appellant.

vs No.8960

Anthony Lala

Charles F.Claiborne,Judge.

Plaintiff is suing for attorney's fees.He avers that he is a practicing lawyer;that from April 1st to October 1921 he continually rendered professional services to the defendant;that those services consisted in consultations and professional advice sought by defendant relative to his interest in the Bienville Ship Trading Company owner of the Ship Augustina;that the consultations were on an average of two a week;that he performed all services required by him by defendant to protect his interest in said corporation,&nd that they are worth three hundred dollars and more.

Defendant denied all the allegations in plaintiff's petition contained.For further answer he averred:
" That defendant was president of a corporation known as the Bienville Ship Trading Co.Inc. a concern which is now defunct and insolvent,and to which plaintiff rendered some legal services not of the value claimed herein,and plaintiff is seeking to recover from defendant,personally,for the debts of the said corporation."

An exception of vagueness had been filed and overruled. But inasmuch as the petition claims for all services rendered from April to October 1921,and the defendant does not seem to have been surprised at any time of the trial,or to have suffered injury for lack of more specific allegations,we will affirm the judgment of the Court on these exceptions,as the judgment in this case will form res judicata for all services of every nature during the period above specified.

Upon the merits there was judgment for the defendant,and the plaintiff has appealed.

The questions for determination are: Were the services of plaintiff rendered to defendant individually, or to him as President of the Bienville Ship Trading Co., and is their value $300.00 ?

The facts are that the plaintiff is an attorney at law . About the year 1919 the plaintiff drew up the charter of incorporation of the Bienville Ship Trading Co. and was paid for it. The Capital was $50,000.00 and the stock was owned by the defendant Lala and by Stephen Carra,and Rev Raymond Carra was donated one share.

The officers were Anthony Lala,the defendant,President, Stephen Carra,Vice-President,Secretary-Treasurer; and the Board of Directors was composed of the above named officers and the Rev.Carra,although he did not know it,and never attended meeting of the Board.Subsequently two other persons became stockholders for $500 and $1500 respectively.The defendant is a butcher and says he knows not how to read or write.

The corporations' only asset was a vessel named the "Augustina ".

In 1919 the Company made a contract with one Riplinger, of Honduras,by which the ship was to engage in the fruit business between Honduras and Tampa,Florida;Riplinger was to reside in Honduras and attend to the business,and divide the profits. Stephen Carra was put in charge of the ship as manager and was sent to Honduras to consumate the above contract.Instead of attending to this business,Carra diverted the ship to a pleasure trip,registered the ship in his name as owner,in Honduras and even sold it to a third party.

Riplinger from Honduras informed Lala of the above facts in a letter addressed to him,care of the plaintiff.The letter was received about April 1st 1921 and delivered to defendant. He did not produce it in the trial of this case.He then consulted

with the plaintiff concerning the means of recovering the ship. The plaintiff advised putting the corporation in the hands of a receiver.But the defendant and the Rev.Carra refused their consent.

Plaintiff then visited the Consul of Honduras,and prepared affidavits establishing the ownership of the ship in the Company,and not in Stephen Carra,and mailed these affidavits to the Consul of the United States in Honduras and corresponded with him on that subject.

About that time Mrs Elsie Ramos claimed that she had purchased from Mr Carra his interest in the ship,and employed an Attorney to assert her rights.

Defendant placed the matter in the hands of plaintiff, who made investigations,wrote an answer to the attorney of Mrs Ramos,in which he stated that since January 15th 1921 Stephen Carra had sold every share of stock to his wife.Nothing was further heard from Mrs Ramos.

The next matter was a demand of Vaccaro Bros upon the defendant for the payment of a bill of $900 for coal sold to the ship Augustina.This claim also the defendant put in plaintiffs' hands for attention.On August 11th plaintiff addressed a lengthy argumentative letter to Vaccaro Bros,for delay.They answered requesting to have Mr Lala execute a 60 day note,duly endorsed for the amount due".They did not prosecute their claim.

The nature and extent of plaintiff's services is thus made apparent.Not only was the Bienville Ship Company insolvent even if it had recovered its ship,but the ship itself was lost to it..Piazza and Lala knew those facts.No one is presumed to work for nothing.The Company being insolvent and unable to pay, we cannot presume that Piazza looked to it for payment.Lalla had no right to assume that Piazza was working for nothing,as he must be,if he looked to the Company. Being entitled to receive payment for his services Lalla must have known that he would have to pay.

When one receives the services of another he must pay for them, unless it is expressly agreed or impliedly understood by the creditor that some one else is bound for them. There was no express agreement in this case. The implication that the Company alone would be liable is far fetched in view of the fact that the Company was insolvent. While the services rendered by the plaintiff inured indirctly to the benefit of the Company, they were performed at the request of the defendant and primarily for his benefit. The interests of the Company were secondary in Lala's mind, as the Company was insolvent and he was to get nothing from its assets. He tried to save those assets and to put off creditors. for defendant to be reinbursed for the large sums he had spent. If Piazza had sued the corporation, it is likely the parties in interest would have denied the authority of Lalla to employ Piazza without a resolution of the Board of Directors. The President cannot bind his corporation by a contract not authorized bv its Board of Directors unless it is an act of simple administration. 33 A 58-132 La 829(839) .

But we think the amount claimed by the plaintiff is in excess of the value of his services as fixed by himself. In estimating his services the plaintiff says; " I suppose $2 a visit would have been fair or is fair"- admitting the number of visits to two a week would make about 54, at $2 each, would make $108.00 .

It is therefore ordered that the judgment herein be reversed and avoided, and it is now ordered that the defendant Anthony Lala be condemned to pay to George Piazza One Hundred and eight dollars with five per cent per annum interest from Novemver 4th 1922 till paid and all costs of suit.

Judgment reversed.

March 5th 1923.

I respectfully dissent

Judge